**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.               CRIMINAL No. 03-01659  JB

HARRY LEE RAY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on the Defendant Harry Ray's Motion *In Limine* to Exclude Photographic Evidence and Medical Testimony, filed January 23, 2004 (Doc. 27).  The primary issue is whether the Court should exclude photographic evidence and/or medical testimony regarding the nature or extent of the injuries which the United States has accused Ray of inflicting on the alleged victim, Maurice Peacock.  Because the Court finds that such evidence is relevant despite Ray's offer to stipulate to the extent of Peacock's injuries, and that the danger of unfair prejudice or waste of time does not substantially outweigh the probative value of the evidence, the Court will deny the motion and allow the Government to introduce photographic evidence and medical testimony concerning Peacock's injuries.

**BACKGROUND**

  The United States has charged Ray, a Native American, with having assaulted Peacock, a Native American, in Indian country, resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153.  Ray does not dispute that Peacock was injured.  Ray also admits that he caused Peacock's injuries during the course of an altercation between the two men on or about July 29,

2003.

This motion arises out of Ray's offer to stipulate that Peacock suffered "serious bodily injury" within the meaning of § 113(a)(6). Ray intends to concede this fact and to rely upon his assertion that he inflicted such injuries on Peacock during the course of acting in self-defense. Ray asserts that the photographic evidence of Peacock's injuries is "gruesome," and unnecessary in light of his willingness to stipulate to the fact that the photographs are intended to prove. Ray moves *in limine* to exclude all photographic and medical evidence regarding the nature and extent of Peacock's injuries. Ray asserts that, in light of his agreement to stipulate, such evidence is irrelevant and unfairly prejudicial.

## THE ELEMENTS OF THE CASE

### 1.    The Elements of the Crimes Charged

The United States has charged Ray with having violated two federal criminal statutes, 18 U.S.C. §§ 113(a)(6) and 1153. One of the elements of the crimes with which the United States has charged Ray requires proof that Peacock suffered "serious bodily injury," as Congress has defined that term in 18 U.S.C. § 1365. 18 U.S.C. §§ 113(a)(6) and 1153 (referring to definition in § 1365). Section 1365(h)(3) defines "serious bodily injury" as, among other things, "extreme physical pain," "protracted and obvious disfigurement," or "protracted loss or impairment of the function of a bodily member, organ . . . ." Ray concedes and will stipulate at trial that Peacock suffered "serious bodily injury" under this definition.

### 2.    The Elements of Ray's Self-Defense Theory

Ray intends to prove that he inflicted Peacock's injuries while acting in self-defense. While the content of any self-defense instruction that the Court will give the jury remains to be decided, one element of that instruction will most likely be whether the amount of force Ray used against Peacock

was reasonable under the circumstances.  See, e.g., UJI 14-5181 NMRA 2003 (self-defense; non-deadly force by defendant)("The defendant used an amount of force that the defendant believed was reasonable and necessary to prevent the bodily harm[.]"); UJI 14-5183 NMRA 2003 (self-defense; deadly force by defendant)("The apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did.").[1]  A number of considerations govern self-defense – not least of which is the amount of force that the defendant uses in rebuffing the attacks of the alleged victim: i.e., deadly or non-deadly.  See UJI 14-5181; UJI 14-5183.

## LEGAL ANALYSIS

Ray argues that the photographic evidence and medical testimony regarding Peacock's injuries are inadmissible to prove the elements of the crimes with which the United States has charged him. The Court finds that such evidence is relevant, and that the danger of delay or unfair prejudice does not substantially outweigh its probative value.  Accordingly, the Court will allow the Government to admit evidence regarding the nature and extent of Peacock's injuries.

## I.    PHOTOGRAPHIC EVIDENCE AND MEDICAL TESTIMONY CONCERNING THE ALLEGED VICTIM'S INJURIES ARE RELEVANT.

Ray contends that evidence regarding Peacock's injuries does not constitute relevant evidence within the meaning of rule 401 of the Federal Rules of Evidence.  Ray argues that, after he conceded that his actions resulted in serious bodily injury to Peacock, the United States need not introduce any evidence to support it.  Because such evidence is no longer relevant to any element at issue, he asserts that the only purpose would be to inflame the jury.

---

[1] The Court does not decide or comment whether the New Mexico jury instructions are proper in this case.  The Court uses these instructions for the purposes of discussion, because the parties referred to New Mexico instructions in their briefs.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Ray contends that, once he stipulates to the fact that Peacock suffered serious bodily injury, no evidence can make that fact more or less probable. The issue has already been established beyond question.

The Supreme Court of the United States has addressed this argument. See Old Chief v. United States, 519 U.S. 172 (1997). In Old Chief v. United States, the Court considered the question whether a district court erred in admitting a full record of the defendant's prior conviction when the defendant had offered to stipulate to the fact of that conviction.[2] Walking through the analyses that rules 401, 402, and 403 require, the Supreme Court held that the district court abused its discretion when it admitted evidence probative of a fact to which the defendant had stipulated. See id. at 174.

The Supreme Court's reasoning is instructive. The Court rejected the petitioner's contention that the record transcript of petitioner's prior conviction was irrelevant, under rule 401, and thus inadmissible under rule 402.[3]

> As a threshold matter, there is Old Chief's erroneous argument that the name of his prior offense as contained in the record of conviction is irrelevant to the prior-conviction element, and for that reason inadmissible under Rule 402 of the

---

[2] The defendant in Old Chief v. United States was charged with possession of a firearm by a person with a prior felony conviction. The Government can prove the second element by introducing a record of judgment or similar evidence identifying the previous offense. Fearing prejudice if the jury learns the nature of the earlier crime, defendants sometimes seek to avoid such a disclosure by offering to concede the fact of the prior conviction. See id. at 174.

[3] Pursuant to their duty of candor to the Court, Ray and his attorney note that the Supreme Court rejected the relevance argument they make in this case. See id. at 178-79. Ray offers this argument because he believes that the Court's discretion with respect to evidentiary rulings is sufficiently broad as to be able to accept Ray's contention that photographic and medical evidence of Peacock's injuries is not relevant, even after the Supreme Court's holding in Old Chief v. United States.

Federal Rules of Evidence.  Rule 401 defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401.  To be sure, the fact that Old Chief's prior conviction was for assault resulting in serious bodily injury rather than, say, for theft was not itself an ultimate fact, as if the statute had specifically required proof of injurious assault.  But its demonstration was a step on one evidentiary route to the ultimate fact, since it served to place Old Chief within a particular sub-class of offenders for whom firearms possession is outlawed by § 922(g)(1).  A documentary record of the conviction for that named offense was thus relevant evidence in making Old Chief's § 922(g)(1) status more probable than it would have been without the evidence.

Nor was its evidentiary relevance under Rule 401 affected by the availability of alternative proofs of the element to which it went, such as an admission by Old Chief that he had been convicted of a crime "punishable by imprisonment for a term exceeding one year" within the meaning of the statute. The 1972 Advisory Committee Notes to Rule 401 make this point directly:

> "The fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute." Advisory Committee's Notes on Fed. Rule Evid. 401, 28 U.S.C. App., p. 859.

If, then, relevant evidence is inadmissible in the presence of other evidence related to it, its exclusion must rest not on the ground that the other evidence has rendered it "irrelevant," but on its character as unfairly prejudicial, cumulative or the like, its relevance notwithstanding.

Id. at 178-79 (footnotes omitted).

Thus, that Ray is willing to concede that Peacock suffered serious bodily injury does not make evidence regarding the injuries irrelevant.  Accordingly, the Court will not exclude photographic evidence and medical testimony regarding Peacock's injuries under rules 401 and 402.

**II.   THE DANGER OF DELAY AND UNFAIR PREJUDICE DOES NOT SUBSTANTIALLY OUTWEIGH THE PROBATIVE VALUE OF PHOTOGRAPHIC EVIDENCE AND MEDICAL TESTIMONY CONCERNING THE ALLEGED VICTIM'S INJURIES.**

Ray contends that, even if the Court considers the photographic evidence and medical testimony about Peacock's injuries to be relevant evidence, the Court should not admit such evidence, because it is a waste of time and cumulative, and carries an undue risk of prejudice.  Ray again relies on the Supreme Court's statements in Old Chief v. United States.  Ray contends that Old Chief v. United States stands for the unequivocal proposition that this Court would abuse its discretion if it were to admit evidence of Peacock's injuries in light of Ray's stipulation to the fact that Peacock has suffered great bodily injury.

Ray argues that photographic evidence and medical testimony would likely tend to inflame a jury.  Ray contends that, having proven and established the element of serious bodily injury through Ray's stipulation, the only remaining reason that the United States could offer the photographs or the medical testimony about the extent of injury would be to prejudice the jury against him.  Ray contends that this is a situation where rule 403 should intervene to prohibit introduction of such evidence.

The Court disagrees.  The Supreme Court's reasoning in Old Chief v. United States is largely limited to the particular facts before it.  In that case, one element of the crime charged was that the defendant had previously been convicted of felony.  The particular name or nature of the felony was legally irrelevant.  In light of Old Chief's willingness to stipulate that the Government had proven that element of its case, the Supreme Court held that the danger of unfair prejudice associated with  an earlier violent crime substantially outweighed the probative value of detailed evidence regarding the felony conviction.  See id. at 180-82.

In this case, the Court finds that the danger of delay or unfair prejudice does not substantially outweigh the probative value of evidence regarding Peacock's injuries.  In Old Chief v. United States, the defendant's stipulation almost entirely eliminated the probative value of the details of his earlier conviction.  That evidence would not be helpful to the jury in deciding whether the defendant was a felon in possession of a firearm.  In this case, Ray's stipulation regarding serious bodily injury does not strip the photographic evidence and medical testimony of their probative value.  Such evidence informs the jury of the nature of the alleged crime and the reasonableness of Ray's use of force.  Furthermore, the danger of unfair prejudice here is not as great as the potential prejudice in Old Chief v. United States; the jury in that case may have impermissibly punished the defendant based on a belief that he was a violent person.  That danger does not exist here to the same extent it did in Old Chief v. United States.

Finally, the Court believes that this case is governed by the "standard rule that the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it."  Id. at 186-87 (citing Parr v. United States, 255 F.2d 86, 88 (5th Cir. 1958), cert. denied, 358 U.S. 824(1958)).  The Tenth Circuit has recognized this same rule.  See United States v. Campos, 221 F.3d 1143, 1149 (10th Cir. 2000)(finding that Mr. Campos' offer to stipulate that two photographs constituted child pornography "sought to deprive the prosecution of the very opportunity that should be protected: the opportunity to present the 'concrete events of later criminal behavior charged against [a defendant.]'")(quoting Old Chief v. United States, 519 U.S. at 190).  Evidence of an alleged victim's injuries is commonplace in assault prosecutions.  The Court will not preclude the Government's chosen evidence simply because Ray desires to keep certain evidence

away from the jury.

**IT IS ORDERED** that the Defendant Harry Ray's request for an order excluding all

photographic evidence and medical testimony regarding the alleged victim's injuries is denied.


_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
    United States Attorney for
    the District of New Mexico
Paul H. Spiers
    Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the United States*


Jason Bowles
Sharp, Jarmie & Bowles, P.A.
Albuquerque, New Mexico

    *Attorney for the Defendant*